IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARD CONNERS, # 106122, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:17-cv554-MHT |
| ) | (WO) |
| ALABAMA BOARD OF PARDONS ) | |
| AND PAROLES, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus filed on August 10, 2017, by Charles Edward Conners ("Conners"), a state inmate incarcerated at the Camden Community Based Facility/Community Work Center, in Camden, Alabama. Doc. No. 1. Conner challenges a decision by the Alabama Board of Pardons and Paroles ("Board") denying him parole from the life sentence he is serving for a 1975 murder conviction in the Circuit Court of Jefferson County, Alabama. In particular, Conners argues that he was denied due process in his latest parole consideration, in June 2014; that he is being denied parole based on his race and his conviction for a violent offense; that the denial of parole constitutes cruel and unusual punishment; that the Alabama parole statutes are void because they were enacted intending to discriminate against African-Americans; and that the parole statutes are unconstitutionally vague. *Id*. Conners seeks immediate release from prison.

## II.  DISCUSSION

A. **Conners's Undesignated Habeas Petition Is Properly Treated as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.**

Although Conners is contesting the legality of an administrative decision of the Board to deny him parole, he is nonetheless in custody pursuant to his state court conviction and sentence. *See Reyes v. Singer*, 2010 WL 680355, at *3 (N.D. Fla. Feb.22, 2010). And although he did not designate his habeas petition as one filed under 28 U.S.C. § 2254, the appropriate vehicle for the relief he seeks is by petition for writ of habeas corpus under 28 U.S.C. § 2254. *Id.*; *see also, e.g., Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

In *Malloy v. Riley, et al.*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003) (table), the petitioner, a state inmate, filed what he styled as a 28 U.S.C. § 2241 habeas petition alleging interference with his ability to obtain a sentence reduction under Ala. Code § 13A-5-9.1. The district court construed the habeas petition as one filed under 28 U.S.C. § 2254 and summarily dismissed the petition as successive under the provisions of 28 U.S.C. § 2244(b)(3)(A). On appeal, the Eleventh Circuit affirmed the summary dismissal and, in so doing, held that "state prisoners seeking to challenge [the basis for their incarceration] must proceed under § 2254 and may not invoke § 2241." *Malloy v. Riley, et al.*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003)[, 82 F. App'x 222 (Aug. 26, 2003)], Doc. No. 23 at 3. As support for this holding, the Eleventh Circuit stated:

> [T]the language of § 2254, which covers <u>state</u> prisoners, is broad and applies to all "person[s] in custody pursuant to the judgment of a State court." 28 U.S.C. § 22554(a). Because § 2254 is sufficiently expansive to address both validity [of custody] challenges and manner [of execution] challenges, state prisoners need not resort to § 2241 to bring [either type of] challenge . . . ; § 2254 petitions accomplish this task. As the Second Circuit has stated:

> A claim [under Section 2254] that [a state prisoner] is "in custody" in violation of federal laws is broader than a claim that the imposition of one's sentence is illegal. A federal due process challenge claiming state incarceration beyond that authorized by a judgment and sentence would fall within this broader category of claims. The plain language of the pertinent statutes indicates, therefore, that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.
>
> *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). This conclusion, that § 2254 is the proper vehicle to challenge a state prisoner's [custody], is congruent with Supreme Court precedent. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) [ ] ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254 which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").
>
> Indeed, each circuit court to consider this issue has concluded that § 2254 is the sole vehicle available to state prisoners challenging either the validity or execution of their state [confinement]. *See Cook [v. New York State Division of Parole]*, 321 F.3d [274,] at 278 [(2d Cir. 2003)] (petition challenging denial of state parole); *Coady [v. Vaughn]*, 251 F.3d [480,] at 484–85 [(3d Cir. 2001)] (same); *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir. 2001) (petition questioning constitutionality of denial of state parole). . . . These cases hold that "[a] state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to [the validity of his incarceration] . . . under section 2254." *Cook*, 321 F.3d at 278. We believe this to be a proper statement of the avenues of habeas relief available to state prisoners seeking federal review of their state court [custody, conviction, or] sentence and, therefore, conclude that the district court properly construed [Petitioner's] § 2241 petition as a § 2254 petition.

*Malloy v. Riley, et al.*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003) (table), Doc. No. 23 at 6–8 (emphasis in original); *see Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (Where state prisoner appeared to challenge the propriety of his conviction and sentence as well as the parole board's retroactive

application of a policy allegedly requiring him to serve ninety percent of his punishment, the "exclusive remedy for [state prisoner's] claim is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 since his claim challenges the propriety of his conviction and sentence, as well as the execution of his sentence[.]").

Thus, Conners's undesignated habeas petition is properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**B.      This Court Lacks Jurisdiction to Rule on Conners's § 2254 Petition.**

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, petitions for writ of habeas corpus under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction and sentencing or the federal district court in the district of incarceration in that state. Although § 2241(d) has implications as to venue, it primarily governs jurisdiction, as it states that "each of such district courts shall have concurrent *jurisdiction* to entertain the application." 28 U.S.C. § 2241(d) (emphasis added). *See Zenteno v. Gipson*, 2014 WL 1795175, at *1–2 (C.D. Cal. Mar. 19, 2014); *Reyes*, 2010 WL 680355, at *5.

Conners was convicted of murder in the Circuit Court of Jefferson County, and that court imposed the life sentence he is currently serving. Jefferson County is located within the federal judicial district of the United States District Court for the Northern District of

4

Alabama. Conners is incarcerated at the Camden Community Based Facility/Community Work Center, in Camden, Alabama, which is in Wilcox County, Alabama. Wilcox County is located within the federal judicial district of the United States District Court for the Southern District of Alabama. Thus, the United States District Courts for the Northern District and the Southern District of Alabama have concurrent jurisdiction to entertain Conners's § 2254 petition. However, this court (the United States District Court for the Middle District of Alabama) lacks jurisdiction to entertain the petition.[1]

**C.    Conners's § 2254 Petition Should Be Transferred.**

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Conners is proceeding *pro se* and he seeks habeas corpus relief, this court finds it would be in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama under § 1631.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

---

[1] Although Conners's § 2254 petition contests the constitutionality of an administrative decision by the Board to deny him parole, and the Board is located in Montgomery, Alabama, within the federal judicial district of the United States District Court for the Middle District of Alabama, this court does not have jurisdiction—because the Board is not a "State court" as mentioned in § 2241(d), nor did the Board "convict and sentence" Conners, as also provided in § 2241(d). *See Carmona v. Andrews*, 357 F.3d 535, 538–39 (5th Cir. 2004).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 20, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 6th day of November, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE